IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| YOLANDA CHERIE MATHIS *on behalf of XLM* | * * * | |
| Plaintiff, | * | |
| v. | * | No. 4:24-cv-00192-LPR-JJV |
| | * | |
| MARTIN O'MALLEY, Commissioner, Social Security Administration, | * * * | |
| | * | |
| Defendant. | * | |

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

**I.     BACKGROUND**

Yolanda Cherie Mathis, on behalf of her minor child, XLM[1], has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for

---

[1] Federal Rule of Civil Procedure 5.2 states that in filings where the name of an individual known to be a minor may only include the minor's initials. The Complaint was incorrectly filed with the minor's name, (Doc. No. 1), so the Court has redacted it from the Complaint and docket sheet.

supplemental security income. The Administrative Law Judge (ALJ) concluded the child did not have an impairment or combination of impairments that functionally equals a Listed impairment. (Tr. 14-22.) *See* 20 C.F.R. § 416.926a.

The ALJ first found XLM had never engaged in substantial gainful activity. (Tr. 15) The ALJ determined Plaintiff's child had the following severe impairments: eczema, obesity, an anxiety disorder, depression, oppositional defiance disorder, disruptive mood dysregulation, schizoaffective disorder, schizoaffective disorder, agoraphobia, and attention deficit hyperactivity disorder. (*Id.*) The ALJ then determined XLM's impairments or combination of impairments did not meet or medically equal a listed impairment. (Tr. 15-18.) Finally, the ALJ found XLM did not have an impairment or combination of impairments that functionally equaled a listed impairment. (Tr. 18-22.) The ALJ stated, "The claimant does not have an impairment or combination of impairments that result in either 'marked' limitations in two domains of functioning or 'extreme' limitation in one domain of functioning." (Tr. 22.) Thus, the ALJ found XLM had not been disabled since August 12, 2021, the date of Plaintiff's application. (*Id.*) The Appeals Council concluded there was no basis to change the ALJ's decision; so, the ALJ's decision became the Commissioner's final administrative decision subject to judicial review. (Tr. 1-5); *See* 42 U.S.C. § 405(g).

## II.     STANDARD OF REVIEW

The role of courts under 42 U.S.C. § 405(g) is to determine whether there is substantial evidence in the record to support the decision of the Commissioner, and not to re-weigh the evidence or try the issues de novo. *See Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). If substantial evidence supports the Commissioner's findings and they are conclusive, a court should affirm them. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than

a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. A court may not reverse a prior determination based only on a finding that substantial evidence would support an opposite decision. *See Prosch*, 201 F.3d at 1012; *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996). Consequently, a court's review of this case is limited and deferential to the Commissioner. *See Ostronski v. Chater*, 94 F.3d 413, 416 (8th Cir. 1996).

In determining whether an impairment or combination of impairments functionally equals a listing, the ALJ must have assessed the claimant's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating items; (5) caring for themselves; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

To functionally equal a listed impairment, the plaintiff's impairment or combination of impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.924(d). Plaintiff has the burden of proving her disability. *See* 42 U.S.C. § 1385c(a)(3)(A); *Ingram v. Chater*, 107 F.3d 598, 601 (8th Cir. 1997). A claimant must meet all the specified medical criteria of the listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). The standard for medical equivalency is similarly demanding. To equal a listing, plaintiff must present medical findings equal in severity to all the criteria of the listed impairment. *Marciniak v. Shalala*, 49 F.3d 1350, 1351 (8th Cir. 1995) (citing *Sullivan*, 493 U.S. at 530 (an impairment does not meet or equal a listing if it has only some of the medical criteria, no matter how severe)). After careful consideration of the record and pleadings in this case, for the following reasons, I find the decision of the Commissioner is supported by substantial evidence.

### III.     ANALYSIS

In support of her Complaint, Plaintiff argues the ALJ erred in finding the claimant did not meet Listing 108.05 (eczema) and 112.08 (personality and impulse-control disorders).  (Doc. No. 6 at 3-11.)  Regarding her eczema, Plaintiff argues, "This is a chronic condition in the Plaintiff's daughter that has been present since birth. She has been bullied about this condition that exacerbates her anxiety and depression."  (*Id.* at 4.)  About her personality and impulse-control disorder, Plaintiff says, "The evidence preponderates in favor of the Plaintiff having an extreme limitation in interacting and relating to others. Plaintiff has demonstrated an extreme inability to follow social rules for interaction and conversation and to respond appropriately and meaningfully at home, school and in other social situations. Plaintiff has demonstrated an extreme inability to understand and tolerate others' points of view and differences."  (*Id.* at 10.)

The Commissioner responds that, "Plaintiff, who bears the burden of proof, makes no attempt to show that XLM's dermatitis very seriously limited any of her physical functions—a threshold requirement of Listing 108.05. On the contrary, XLM's physical examinations consistently revealed no limitations."  (Doc. No 8 at 4.)  And the ALJ concluded, as the Commissioner further argues, "The claimant's dermatitis does not meet or medically equal listing 108.05 because the claimant has not had extensive skin lesions that have persisted for at least three months, despite continuing treatment as prescribed."  (Tr. 16.)  The medical evidence confirms this to be true.  (Tr. 436-37, 440-42, 445-46, 451-52, 458-59.)

Furthermore, as the Commissioner points out in his brief, the ALJ correctly noted that XLM's skin issues were responsive to treatment.   (Tr. 21, 428, 433, 436, 440451, 458.)  Impairments that can be controlled by treatment or medication cannot be considered disabling. *Brown v. Astrue*, 611 F.3d 941, 955 (8thCir. 2010).

4

Substantial evidence also supports the ALJ's conclusions regarding XLM's personality and impulse-control disorders. Listing 112.08 requires her personality and impulse control disorder to cause one extreme limitation, or two marked limitations, in the "Paragraph B" functional areas of a) understanding, remembering, and applying information, b) interacting with others, c) concentrating, persisting, and maintaining pace, and d) adapting and managing herself. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.08. There is simply no evidence to support an extreme limitation or two marked limitations.

As the ALJ noted, XLM's academic records failed to support the alleged limitations. (Tr. 20, 311-18.) And a consultative Mental Diagnostic Evaluation performed by Benjamin Silber, Ph.D., further fails to support Plaintiff's claims of disability. (Tr. 522-27.) In finding Dr. Silber's opinions persuasive, the ALJ rightly concluded:

> As noted above, the claimant has not consistently sought or required intensive dermatology treatments or consistent mental health support services, strongly supporting Dr. Selber's [*sic*] findings (Exhibit B4F, pgs. 4-6, Ex. 10F, pg. 1-2, Ex. B12F, pgs. 5-7). The academic records do not describe severe mood instability, significant concentration deficits, or the inability to maintain a normal achedemic [*sic*] pace when compared to her peers (Exhibit B14E-B15E). The periods of treatment non-compliance also reduces [*sic*] the consistency of the description of her symptoms and limitations, further supporting the accuracy of Dr. Sibler's [*sic*] assessment (Exhibit B4F, pg. 4, Ex. B5F, pg. 2, and Ex. B6F, pg. 8). Therefore, the undersigned found Dr. Sibler's [*sic*] assessment to be persuasive.

(Tr. 21.)

Lastly, XLM's medical records were evaluated by John Giblen, M.D. and Janece Hiegel, M.D. (Tr. 91-96, 97-103.) The ALJ found the opinions of both pediatric medical doctors to be persuasive. In doing so, the ALJ said:

> The State Agency consultants concluded that the claimant had a marked limitation with interacting and relating with others, and less-than-marked limitations with health and physical well-being. The consultants also found that the claimant had none to less than marked limitations with attending and completing tasks. The consultants concluded that the claimant had had no limitation with her ability with

5

>moving about and manipulating objects, with caring for herself and, with acquiring and using information (Exhibits B6A and Ex. B7A). The value of these assessments is fully supported by Dr. Silber's consultative examination, which found marked social deficits, without severe cognitive limitations (Exhibit 11F). The consultants' findings are also supported by the results of a series of office visits that do not consistently describe debilitating mood instability, severe achedemic [*sic*] deficits, or the inability to perform normal daily activities (Exhibit B4F, pgs. 4-6, Ex. 10F, pg. 1-2, Ex. B12F, pgs. 5-7, Ex. B14E, and Ex. B15E). Therefore, the undersigned found these assessments to be persuasive.

(Tr. 21-22.)

While I recognize these doctors did not actually examine XLM their opinions can still constitute substantial evidence upon which the ALJ could rely. This is especially true when their opinions are consistent with other evidence of record.

## IV.   CONCLUSION

Counsel for both sides have done exemplary work on behalf of their respective clients. But the overall evidence provides substantial support for the ALJ's determination that XLM was not disabled. Plaintiff has not met her burden of proving disability.

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and Plaintiff's Complaint be dismissed with prejudice.

DATED this 26th day of June 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE